UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JANE MONREAL,

    Plaintiff,

vs.                                      Case No.: 2:22-cv-00016-JLB-MRM

SCRIPPS MEDIA, INC. d/b/a WFTX-TV
and EVAN PAPPAS,

    Defendants.
_____/

**SUPPLEMENTAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JANE MONREAL ("Monreal") hereby files her supplemental complaint against Defendant SCRIPPS MEDIA, INC. d/b/a WFTX-TV ("Scripps" or "WFTX") pursuant to Fed. R. Civ. P. 15(d) and in support thereof, alleges as follows:

**Nature of the Case**

This is an action to remedy civil rights violations. Monreal's original *Complaint and Demand for Jury Trial* ("Complaint") filed on January 10, 2022, brought her claims for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("§ 1981"). (Doc. 1). This supplemental complaint adds claims for age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and race discrimination

**Exhibit C**

and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Scripps.[1] Monreal seeks equitable relief and damages including: declaratory and injunctive relief; reinstatement or back and front pay in lieu thereof; compensatory damages; liquidated damages, punitive damages; attorneys' fees, costs and expenses; and all other relief this Court deems just and appropriate.

### Parties, Jurisdiction, and Venue

See Monreal's original Complaint paragraph numbers 2-7.

### Facts

See Monreal's original Complaint paragraph numbers 8-51.

### COUNT I

See Monreal's original Complaint paragraph numbers 52-58.

### COUNT II

See Monreal's original Complaint paragraph numbers 59-61.

### COUNT III
### Age Discrimination in Violation of the ADEA

62. Monreal restates and incorporates herein the allegations in paragraph numbers 2, 4-7, 9-20, 22, 25, 27-29, 36-42, and 46-51 in her original Complaint.

---

[1] Monreal is also pursuing administrative remedies for race and age discrimination and retaliation in violation of the Florida Civil Rights Act of 1992 and intends to supplement her complaint again to include those claims once the state administrative remedies are exhausted.

Exhibit C

63. Subsequent to the filing of the original Complaint, Monreal complied with any applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including:

    A. On January 18, 2022, Monreal filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), i.e., within the requisite 300 days of Monreal's termination;

    B. On March 17, 2022, Monreal learned that, on March 8, 2022, the EEOC issued Monreal a Notice of Right to Sue on her ADEA and Title VII claims and is filing this complaint within the requisite 90 days.

64. At all material times, Monreal was an "employee" of Scripps within the meaning of the ADEA and was over the age of 40.

65. At all material times, Scripps was an "employer" within the meaning of the ADEA.

66. Scripps sabotaged Monreal and her older team members by not providing the evening news team with appropriate marketing and support.

67. Scripps terminated Monreal's employment and contract but offered a three-month extension agreement so that her termination would be effective on March 2, 2022, stating that the extension was to permit her time to find another job.

68. Monreal searched for and found another job and, thus, provided

**Exhibit C**

her four-week notice as required by the extension contract. She also requested that she be permitted to use her accrued leave time during that time period. However, Scripps refused her leave request and instead terminated her effective immediately.

69. Scripps sabotaged and terminated Monreal due to her age in violation of the ADEA.

70. Monreal was at least as qualified for her position as the younger individual(s) who replaced her.

71. Scripps' violation of the ADEA was willful.

72. As a result of the foregoing actions, Monreal suffered lost wages and benefits and continues to suffer said losses.

73. As a result of the foregoing actions, Monreal retained the undersigned law firm to which she is obligated to pay reasonable attorney's fees, costs and expenses.

74. Monreal is entitled to recover her attorney's fees, costs and other litigation expenses from Scripps if she prevails in this action pursuant to the ADEA.

**WHEREFORE**, Monreal requests that this Honorable Court enter judgment in her favor and against Scripps:

A. Taking jurisdiction over this action;

**Exhibit C**

  B.  Declaring that Scripps violated the ADEA and that Scripps' violation was willful and not in good faith;

  C.  Enjoining Scripps from further violations of the ADEA;

  D.  Awarding Monreal her back pay and benefits for a period of up to three years due to Scripps' willful violation of the law;

  E.  Reinstating Monreal with full seniority and benefits as though she had not been terminated or, alternatively, awarding Monreal front pay and benefits;

  F.  Awarding Monreal liquidated damages in an amount equal to the compensation awarded (requested in paragraph D above) due to Scripps' lack of good faith or, alternatively, awarding Monreal pre-judgment interest;

  G.  Awarding Monreal her reasonable attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b);

  H.  Awarding pre-judgment and/or post-judgment interest as appropriate; and

  I.  Awarding such other relief as it deems just and proper including without limitation any actual or nominal damages warranted.

**Exhibit C**

## COUNT IV
### Race Discrimination in Violation of Title VII

75. Monreal restates and incorporates herein the allegations in paragraph numbers 2 and 4 through 56 of her original Complaint and paragraph number 63 above.

76. At all material times, Monreal was an "employee" of Scripps within the meaning of Title VII.

77. At all material times, Scripps was an "employer" within the meaning of Title VII.

78. Scripps had more than 500 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

79. Scripps took the above actions because of Monreal's race in violation of Title VII.

80. At all material times, Scripps knew or should have known it was illegal to discriminate against individuals with regard to the terms, conditions and privileges of their employment because of their race. Nonetheless, Scripps discriminated against Monreal willfully or with reckless disregard of the law.

**WHEREFORE**, Monreal requests that this Honorable Court enter judgment in her favor and against Scripps:

A. Declaring Scripps' actions to be illegal discrimination based upon race, in violation of Title VII;

Exhibit C

B.  Enjoining Scripps from future violations of Title VII and/or requiring Scripps to take appropriate remedial action to remedy their past violations;

C.  Awarding Monreal compensatory damages;

D.  Requiring Scripps to pay punitive damages to Monreal;

E.  Awarding Monreal the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 20003-5; and

F.  Awarding such other relief as the Court deems just and appropriate.

## COUNT V
### Retaliation in Violation of Title VII

78. Monreal restates and incorporates herein the allegations in paragraph numbers 2 and 4 through 56 of her original Complaint and paragraph numbers 63 and 76-78 above.

79. Scripps also took the above stated actions in retaliation for Monreal's protected activity including her participation in the internal interview and her subsequent notice that she would be filing a Charge of Discrimination for race discrimination with the EEOC.

80. At all material times, Scripps knew or should have known it was illegal to retaliate against individuals with regard to the terms, conditions and privileges of their employment for engaging in protected activity. Nonetheless,

**Exhibit C**

Scripps retaliated against Monreal willfully or with reckless disregard of the law including Title VII.

**WHEREFORE**, Monreal requests that this Honorable Court enter judgment in her favor and against Scripps:

A. Declaring Scripps' actions to be illegal retaliation in violation of Title VII;

B. Enjoining Scripps from future violations of Title VII and/or requiring Scripps to take appropriate remedial action to remedy their past violations;

C. Awarding Monreal compensatory damages;

D. Requiring Scripps to pay punitive damages to Monreal;

E. Awarding Monreal the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 20003-5; and

F. Awarding such other relief as the Court deems just and appropriate.

### Demand for Jury Trial

81. Monreal demands a trial by jury on all issues so triable.

Dated this 4th day of April, 2022.

Respectfully submitted,

SHANKMAN LEONE, P.A.

Exhibit C

/s/ Kendra D. Presswood
Kendra D. Presswood
Florida Bar No. 0935001
kpresswood@shankmanleone.com
David S. Shankman
Florida Bar No. 0940186
dshankman@shankmanleone.com
707 North Franklin Street, 5th Floor
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
*Attorneys for Plaintiff*

**Exhibit C**